IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUNU RENAH WILLIAMS, #A6070389, | ) CIV. NO. 19-00478 LEK-RT )  |
| Petitioner, | ) ORDER DISMISSING PETITION ) AND DENYING CERTIFICATE OF ) APPEALABILITY |
| vs. | ) ) |
| NOLAN P. ESPINDA, | ) ) |
| Respondent, | ) ) |
| _____ | ) |

**ORDER DISMISSING PETITION AND**
**DENYING CERTIFICATE OF APPEALABILITY**

Before the court is Petitioner Maunu Renah Williams' Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. ECF No. 1. Williams challenges the calculation of his sentence in *State v. Williams*, Cr. No. 14-1-00470 (Haw. 3d Cir.), which was imposed by the Circuit Court of the Third Circuit ("circuit court"), State of Hawaii, on February 3, 2015. *See* 3PC141000470, *avail. at:* https://jimspss1.courts.state.hi.us (last visited Sept.12, 2019).[1]

---

[1] The court takes judicial notice of Williams' state court criminal proceedings. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (holding court may take notice of proceedings in other courts "if those proceedings have a direct relation to matters at issue") (citation and quotation marks omitted).

Because it is clear from the face of the Petition and records referred to therein that Williams fails to state a colorable claim for habeas relief, and that his claims are currently pending before the Hawaii state courts, the Petition and this action are DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Any request for a certificate of appealability is DENIED.

## I. BACKGROUND

On January 27, 2015, Williams pled guilty to one felony charge of Promotion of Dangerous Drug 3d (Count 2), and two felony charges of possession of Drug Paraphernalia (Counts 7 & 8), in Cr. No.14-1-00470. *See* 3PC141000470. On February 3, 2015, the circuit court sentenced Williams to a five-year minimum term in Count 2, mitigated to time served, and to five-year terms in Counts 7 and 8, with credit for time served, all terms to be served concurrently. Williams did not appeal.

Williams claims that Department of Public Safety ("DPS") prison officials have recently conspired against him to recalculate and change his maximum term of sentence to a later date of release than the date originally set. Specifically, Williams states that Hawaii Community Correctional Center ("HCCC") official Gayle K. Tavares originally calculated his maximum date of release as August 7,

2019. *See* Pet., ECF No. 1, at PageID #8. He claims that Halawa Correctional Facility ("HCF") records clerk, Cely Ann Guittap, fraudulently altered this maximum release date in the DPS computer system, changing it to November 16 rather than August 7, 2019, to retaliate against him, and to seek fame and attention. Williams further alleges that DPS officials Maria Cook, Shari Kimoto, Monica Lortz, Jodie Maesaka-Hirata, Dovie Borges, and Warden Scott Harrington conspired with Third Circuit Judge Glen Nakamura, who originally sentenced Williams, to express their support for ex- Honolulu Chief of Police Louis Kealoha and his wife, as part of a widespread pattern of corruption that Williams intends to expose.[2] Williams alleges that he is being over-detained in violation of the Eighth Amendment and DPS rules, regulations, and procedures.

## II. LEGAL STANDARDS

The court must screen all actions brought by prisoners who seek any form of relief from a governmental entity or officer or employee of a governmental entity, including habeas relief. 28 U.S.C. § 1915A(a). Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4) requires the court to dismiss a habeas petition

---

[2] Williams raises these identical claims in *Williams v. Cook*, No. 1:19-cv-00453-JMS (D. Haw.) (filed 8/22/2019), a civil rights action which is pending on screening review.

"[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### III. DISCUSSION

Because Williams is currently in custody pursuant to the judgment of the Hawaii circuit court in Cr. No. 14-1-00470, the Court construes the Petition as brought pursuant to 28 U.S.C. § 2254, rather than § 2241, because § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging the underlying state court conviction. *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004).[3]

### A. The Petition Fails to State a Cognizable Claim

To the extent that Williams challenges a miscalculation in his release date, the Petition must be dismissed for failure to state a cognizable federal habeas claim. Habeas relief is available only if the petitioner's conviction or sentence is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on

---

[3] A state pre-trial detainee who is not in custody pursuant to the judgment of a state court when he files his petition can seek relief under section 2241. *See Stow v. Murashige*, 389 F.3d 880, 882-83, 886-88 (9th Cir. 2004).

state-law questions."); *Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution.").

Matters relating to sentencing are generally governed by state law and do not raise a federal constitutional question. *Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (citation and internal quotation marks omitted). Williams does not even claim a sentencing error. Rather, he claims an administrative error has been made in the execution of his sentence. Williams argues that he is being detained past his release date in violation of due process and his right to be free from cruel and unusual punishment.

Regardless of whether or how DPS and HCF officials erred in calculating Williams' sentence, however, sentencing calculations are governed by state law. *See Brooks v. Poulos*, 370 Fed. Appx. 826, 827 (9th Cir. 2010) ("[T]he determination of a formula for calculating the restoration of good time credits is an unreviewable issue of state law."); *see also O'Neal v. Sherman*, 2016 WL 1714552, at *17 (C.D. Cal. Feb. 26, 2016) (federal habeas courts "lack the resources to engage in the minutiae of credit calculations for state prisoners, a

state law matter properly reserved to state officials who . . . apply[ ] state law"). Williams cannot convert his claim for a violation of Hawaii state sentencing statutes and regulations into claims under the United States Constitution simply by referencing due process and the Eighth Amendment. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) (stating a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process"). Thus, petitioner's claim is not cognizable on federal habeas review. *Maquinales v. Spearman*, 2018 WL 6112745, at *2-3 (C.D. Cal. Oct. 11, 2018), *report and recommendation adopted*, 2018 WL 6092512 (C.D. Cal. Nov. 19, 2018). Mere errors in the application of state law are not cognizable on federal habeas corpus review. *Estelle*, 502 U.S. 62, 67-78 (1991).

**B.    Conspiracy and Retaliation**

To the extent Williams alleges DPS and HCF prison officials "conspired" to violate his constitutional rights to support ex-Chief of Police Kealoha and his wife and to gain fame, these claims are too conclusory to support a plausible federal claim for relief. Williams does not explain *why* prison officials would conspire against him to change his date of release for the purpose of showing support for Kealoha or his wife, or allege any other reason for retaliating against him by arbitrarily changing his date of release.

More important, Williams filed documents in *Williams v. Cook*, No. 1:19-cv-00453-JMS, that tend to refute his claims, and in fact, explain his current confusion. First, Williams' original Sentence Calculation Form, dated February 17, 2015, less than one month after his conviction, and signed by Gayle K. Tavares, shows that, although his Maximum Term Release Date for Count 2 was August 7, 2019, the date that he alleges he should have been released, his maximum date of release for Count 7 was *October 15, 2019*, and for Count 8 is *October 14, 2019. See id.*, ECF No. 15-1, at PageID #90. Williams apparently misunderstands that, regardless of whether his terms of imprisonment were concurrent to each other, he is nonetheless required to serve the maximum term imposed for each Count of conviction. Thus, while he has served his maximum term for Count 2, his maximum terms for Counts 7 and 8 will not expire until October 14, and 15, 2019. Thus, by the terms originally set, and unchallenged until he filed this Petition, Williams is not being over-detained.

Williams' confusion apparently stems from a January 15, 2019 letter he received from Guittap, in which she explained that errors in his sentencing calculation had been discovered, and his maximum release date had been changed to *November 16, 2019. Id.*, at PageID #91. Williams, however, provides a third letter, dated July 18, 2019, from DPS Program Development Officer

7

Monica Lortz, explaining that Guittap's January 15, 2019 letter was incorrect, and that DPS "will continue to view [Williams'] release date as October 15, 2019. *Id.*, at PageID #92. Thus, Williams' actual maximum date of release has not been changed since it was calculated in February 2015.

Moreover, Acting Institutions Division Administrator Shari Kimoto also wrote Williams, to explain the inconsistencies he noted and to inform him that DPS had contacted his attorney, Stanton Oshiro, Esq., regarding Williams' concerns, and were awaiting a response from him. *See id.*, at PageID #93 (July 12, 2019 letter). These documents clearly do not support a showing that DPS or HCF officials recently conspired or retaliated against Williams, because his maximum term release date remains the same today as it was in February 2015.

**B.     Exhaustion**

Even if Williams' claims were colorable, the Petition must be dismissed as wholly unexhausted. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[4] *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 500

---

[4] A habeas petition "shall not be granted unless it appears that—[¶ ] (A) the applicant has exhausted the remedies available in the courts of the State; or [¶ ] (B)(i) there is an absence of available state corrective process; or [¶ ] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

8

(1973). Proper exhaustion requires that the petitioner's contentions be fairly presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest state court with authority to review them, *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented. *See Rose*, 455 U.S. at 518.

Williams states that he has brought his claims to the First and Third circuit courts in January, May, July, and August 2019. *See* Pet., ECF No. 1, at PageID #1-2. He says that his claims for relief in the Third circuit court have gone unanswered and those raised in the First circuit court were dismissed. The docket in Cr. No. 14-1-00470 shows that Williams has filed twelve "emergency" motions since May 2019 in the Third circuit court regarding his putative over-detention. https://jimspss1.courts.state.hi.us, 3PC141000470. The Third circuit court has not addressed any of these motions to date.

Williams also filed a Notice of Appeal in the Intermediate Court of Appeals on September 3, 2019, the same date that he filed this Petition. *See id.*, CAAP-19-0000611. While it is not clear that any of Williams' Motions or his appeal are procedurally correct or will be addressed before his maximum date of release

9

expires, it is clear that he has not exhausted his claims in the state courts. *See* 28 U.S.C. § 2244(d)(1).

A federal court must dismiss a habeas petition if all of its claims are unexhausted. *Coleman v. Williams*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."); *Rose*, 455 U.S. at 510. And, although a federal court may stay and abey a mixed petition while its unexhausted issues are presented to the state court, *see Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), there is no basis for staying a fully unexhausted petition.

Once a court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, because Williams's Petition is wholly and admittedly unexhausted, the Petition and this action are DISMISSED without prejudice to Williams pursuing a federal challenge to the alleged miscalculation of his sentence *after* his claims are exhausted in the state courts.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability when it enters a final order adverse to the applicant. *See also*, Fed. R. App. P.

22(b). Reasonable jurists would not find the dismissal of Williams's Petition as unexhausted as debatable or wrong. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

## V. **CONCLUSION**

(1) Williams's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is DISMISSED. This dismissal is without leave to amend but without prejudice to raising any constitutional claims regarding his sentence after such claims are fully exhausted.

(2) Any certificate of appealability is DENIED.

(3) The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 16, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Williams v. Hawaii*, 1:19 cv 00 jms; hab '19 (dsm fully unexh)